14540

McGHEE v. POOLE

(193 S. E., 129)

April, 1937.

*Mr. J. Larue Hinson,* for appellant, cites:

*Messrs. B. F. Martin* and *A. C. Stickley,* for respondent.
October 7, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This action was begun January 9, 1936, in the Court of Common Pleas for Greenville County, S. C., to recover damages for personal injuries, alleged by plaintiff to have been sustained by her in an automobile collision in Fairfax County, Va. The suit was against Otis L. Poole, engaged in business under the name and style of "Poole's Transportation", and Central Mutual Insurance Company. It appears that at the time of filing the action in Greenville County, an action was pending in the Courts of Virginia between the same parties on the same cause of action. Otis L. Poole died July 24, 1936; Margaret W. Poole, his widow, was appointed, and qualified, as administratrix of his estate in September, 1936. December 19, 1936, plaintiff procured from Judge Oxner a rule requiring Margaret W. Poole to show cause why she should not be made party defendant to the cause as administratrix of Otis L. Poole, deceased. The rule was made returnable December 23, 1936, but on that day the attorney for Mrs. Poole was not ready to make return, and it was agreed that he might do so at a later day and the hearing was continued. The return was filed December 30, 1936. It made two issues, viz: (1) That there is no showing that the common law does not prevail in Virginia, and under the common law the action against Otis L. Poole did not survive; (2) that another action between the same parties on the same cause was pending in Virginia. On the same day, December 30, 1936, the plaintiff's attorneys gave notice that they would move before Judge Oxner on January 4, 1937, for an order allowing plaintiff to amend her

petition for rule to show cause, so as to allow her to allege the survival and revival acts of Virginia applicable to a tort case of this character, and for an order requiring a further return from the defendants, and requiring the said administratrix to make return to the amended petition and show cause why she should not be made a party to the cause and appear and defend the action, and, if issue be made, a date be fixed by the Court for hearing testimony thereon. That petition was served December 30, 1936.

It appears that action on the return of Mrs. Poole and the other motions to amend the petition had not been taken when plaintiff's attorneys, on February 9, 1937, served on the attorney for Margaret W. Poole the following notice: "Please Take Notice: That pursuant to conversation with you this date, I have gotten Judge Oxner to fix 11:00 a. m., next Saturday, 13th instant, as the time for hearing the pending motion, to amend the petition to substitute Margaret W. Poole, as administratrix, as the defendant in place of Otis L. Poole, deceased, with the understanding that Judge Oxner will hear the motion if it can be reached, but may have to continue the hearing of this motion until a later day, if other matters that have been set prevent his hearing same; at the same time, plaintiff, petitioner, will ask leave of the Court to submit the additional attached affidavit, together with further testimony as to the Virginia Law involved, if same is further controverted by any respondent or respondents herein, and will offer in evidence the latest or current 'Virginia Code of 1936,' upon the issues of survival and revival of action, and also the cases referred to in Sections 5786 5787, 5788, 5789 and 5790, with said sections and any other relevant sections. The former affidavit attached to the Petition erroneously gave the Code Section as 5780 instead of 5790."

It does not appear from the record that appellant's attorney made any objection to any of the proposed amendments or hearings, or the taking of the proposed testimony.

Accordingly, the proposed testimony was taken, on February 20, 1937, by Judge Oxner at his chambers. April 6, 1937, his Honor filed the following order:

"This was an action begun January 9, 1936, against the above named defendants who appeared January 31, 1936, demurring and making Motion to eliminate the Insurance Company as a defendant. It is based upon alleged injury to the plaintiff arising out of an automobile collision in the State of Virginia on January 13, 1935. After the action was begun the defendant, Otis L. Poole, died intestate on July 24, 1936, and his widow, Margaret W. Poole, was appointed and qualified as his administratrix September, 1936. Thereafter on December 19, 1936, the plaintiff on affidavit and petition obtained a rule for said Margaret W. Poole as such administratrix, to show cause why she should not be substituted as a defendant in this action in lieu of her intestate, and be required to answer and defend said action.

"The petition, as shown by the affidavit, was based upon the pleadings, the record in the Probate Court in the Poole Estate, the Affidavit, 'and any evidence that may be taken at the hearing of the motion or petition.' On December 23, 1936, the date fixed for the Return, counsel for the respondent, Mrs. Poole, appeared but failed to make a Return, stating that he had been newly employed in the case and had not had time to prepare a proper Return. No objection was made to his filing a Return a little later, and on December 30, 1936, the said administratrix made a Return to the Rule to Show Cause, objecting (1) that the common law is presumed to prevail in the State of Virginia where the cause of action is alleged to have arisen, and that by the common law the action has been abated and could not be continued or revived against Poole's personal representative, and (2) that there was another action pending (in the State of Virginia) which would abate the action in this Court. Immediately (on the same day, December 30, 1936) the plaintiff served an additional affidavit and moved for leave to amend

the petition, and if further issue should be made 'that a time be fixed by the Court for taking testimony thereon.' And thereafter on February 9, 1937, plaintiff served a further affidavit and Notice that he would 'ask leave of the Court to submit the additional affidavit together with further testimony as to the Virginia law involved if same is further controverted.' And thereafter on February 20, 1937, testimony was taken on the issues involved, tending to controvert respondent's positions.

"From the above statement it appears that, the matter not having been passed upon by the Court at the first appearance of counsel for respondent, and being left open for consideration of the Court, it was proper to admit further evidence by way of affidavits, and by the testimony of witnesses,— even without amendment of the original Petition. But in any event the Court had power to grant leave to amend and to admit such affidavits and evidence, and conceives that it was proper to do so.

"At the taking of testimony on February 20, 1937, a further point was suggested by said respondent with reference to Federal jurisdiction of the action by reason of the intimation that it may have occurred upon Federal property; the Court, conceiving that the matter should be fully disposed of at a further hearing, suggested that any further affidavits or testimony be taken by a time fixed, which has expired, and the matter has come up again before me on this date, at which time it appears from a statement of said respondent's counsel that the point as to Federal jurisdiction is not involved in this Motion or proceeding and that there is no further testimony and no further ground of objection to the relief sought, other than those already stated. And counsel conceded that if the further affidavits and evidence should be properly admitted that such affidavits and evidence would seem to dispose of the objections raised by her Return.

"It is therefore adjudged and ordered that the Petition herein be and it is amended as desired, and that the additional

affidavits and also the testimony taken on February 20th be filed herewith; that the plaintiff be permitted within ten days to amend his complaint accordingly and serve copy upon the attorneys for the defendants and for the said respondent, and that the respondent Mrs. Margaret W. Poole as administratrix of Otis L. Poole, deceased, be and she is hereby substituted as a party defendant in this action in lieu of her intestate and that she be required to answer the complaint herein within twenty days of the service thereof or be adjudged in default.

"G. DEWEY OXNER,
*"Judge of the 13th Circuit."*

On the filing of this order appellant's counsel gave notice that he would ask Judge Oxner for an order modifying his order by making it read: "Answer or otherwise plead," instead of the provision that she "Answer"; but also to allow her to demur to the amended complaint upon the following grounds:

"(1) That to require her to answer without having the causes of action separated and separately numbered and/or to demur to a demurrable complaint will be doing her a great injustice and denying her the rights accorded her by law;

"(2) That the amended complaint shows, upon its face, that two causes of action are stated therein; one in tort against her, and the other on contract against the Central Mutual Insurance Company of Chicago; therefore, the defendants are entitled to have the said two causes of action separately set forth in the Amended Complaint and properly numbered;

"(3) That the Amended Complaint is demurrable because it shows, on its face, that it is a suit for $30,000 against both of the defendants when it further shows on the face thereof, that the Central Mutual Insurance Company of Chicago cannot possibly be liable for more than $15,000 on its contract and is, therefore, clearly demurrable."

This notice was dated April 30, 1937. On the same day

plaintiff's attorneys served on appellant's attorney the following notice:

"Please Take Notice: That the plaintiff abandons, for the purpose of this action, the cause of action against Central Mutual Insurance Co., of Chicago, which is based on contract, and will ask for an order of nonsuit as to the cause of action based on contract, electing to proceed herein at this time upon the cause of action for tort alone. The motion for such order of nonsuit will be made before his Honor Judge G. Dewey Oxner, at his Chambers at Greenville, S. C., on Saturday, April 24, 1937, at 10 o'clock a. m., or as soon thereafter as the matter can be heard.

"In response to Notice of this date by Mr. Hinson as attorney for Mrs. Poole, we shall object to the sufficiency of the alleged grounds of demurrer, and do not waive the right to require answer within twenty days."

On the 24th of April, 1937, Judge Oxner filed the following order:

"After service of the Order of this Court in this case dated April 6, 1937, directing that Margaret W. Poole as administratrix of the estate of Otis L. Poole, deceased, be made a party defendant, etc., her attorney on April 12, 1937, served Notice of Intention to Appeal to the Supreme Court, and thereafter on April 20, 1937, served a Notice of Motion to Modify the Order of April 6th so as to make the last paragraph read 'answer or otherwise plead' instead of requiring her to answer within the time specified in the Order or be in default. The last named Notice indicated certain grounds of demurrer to the Amended Complaint, these grounds arising out of the joinder of the Insurance Company as a party defendant and the joinder of two alleged causes of action, one based on contract and the other on tort.

"Upon said notice being served on plaintiff's attorneys, plaintiff on same date, April 20, 1937, gave notice as follows: [This notice is quoted above.]

"This notice was served upon attorney for Mrs. Poole and upon Messrs. Hicks and Johnston, as attorneys for defendants, on April 20, 1937, and Mr. Johnston at the hearing of the motion indicated that there was no objection to the proposed Order of nonsuit.

"After hearing argument it is ordered and adjudged:

"That the Motion for Nonsuit as to Central Mutual Insurance Company of Chicago be and it is hereby granted, without prejudice to any further proceeding based upon the claim against said Company.

"And there being no objection to such suggested amendment, it is further ordered and adjudged:

"That the plaintiff have leave and be required to amend her complaint as she may be advised, and serve a copy of her second Amended Complaint upon the attorney for the petitioner, Mrs. Poole, on or before April 28, 1937; and that the order of April 6, 1937, in this matter be and it is hereby modified by striking out the requirement that she be required to answer within twenty days or be in default and by the requirement in lieu thereof, that she be required to plead to the second Amended Complaint within ten days from the service of a copy thereof upon her attorney in this case."

From this order the appeal comes to this Court upon three exceptions which make the points that appellant had made full return to the rule to show cause, which return had not been traversed and that it was error to permit plaintiff to amend her petition after the return was made; that it was error to substitute the administratrix as party defendant and requiring her to plead without issuing another rule requiring another return to the amended complaint.

After this elaborate setting forth of the skirmishing which leads up to the final engagement between the parties, we now take up the fundamental issue, viz.:

Should the Court, after the administratrix filed her return to the rule, granted on the first petition, have required fur-

ther return before acting upon petitions for amendments relating to the issues?

This question is not without merit, if it were properly before the Court. This Court is not favorably inclined to a practice which enables one who has procured a rule to show cause to make the allegations of the return the grounds for other motions for other amendments to the pleadings, which return has not been traversed; such practice might postpone the hearing of the case indefinitely. It is too much akin to "taking two bites at a cherry." Unfortunately for appellant, she is not in a position to make this complaint.

She did not make return on the date fixed, but was allowed to make it at a later date. No action was taken on the return the day it was filed. The matter was still open before Judge Oxner. The day of the filing of the return, plaintiff gave notice of motion for leave to amend her petition by setting out facts relating to the Virginia law involved, and for leave to offer testimony thereabout.

It does not appear that the appellant made any objection to granting this petition, nor any demurrer to its contents. The matter of the return to the first rule to show cause was still before Judge Oxner. In his order Judge Oxner said: "From the above statement it appears that the matter not having been passed on by the Court at the first appearance of counsel for respondent, and being left open for consideration of the Court, it was proper to admit further evidence by way of affidavits and by way of the testimony of witnesses—even without amendment of the original Petition. But in any event the Court had power to grant leave to amend and to admit such affidavits and evidence, and conceives it was proper to do so."

The record does not disclose that there is any exception to this holding of the Circuit Judge, nor, as before said, that there was any objection to the evidence at the hearing.

This further appears in Judge Oxner's order of April 6: "At the taking of the testimony on February 20, 1937, a fur-

ther point was suggested by respondent (appellant here) with respect to Federal jurisdiction of the action * * * and the matter has come up again before me this date—at which time it appears from a statement of said respondent's counsel that the point as to Federal Jurisdiction is not involved in this motion or·proceeding, and that there is no further testimony and no further ground of objection to the relief sought, other than those already stated. And counsel conceded that if the further affidavits and evidence should be properly admitted that such affidavits and evidence would seem to dispose of the objections raised by her return."

The exceptions stand upon the single legal assignment of error that the administratrix had made full return to the rule and no further action by plaintiff should have been allowed without requiring the administratrix to make further return.

We think the appellant is foreclosed from making this question by her actions in the premises.

Hence, the exceptions are overruled, and the order appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.